**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*No.* 26-1274

**AUSTIN OLACHEA,**
*Petitioner,*

v.

**FEDERAL COMMUNICATIONS COMMISSION,**
*Respondent,*

**PARAMOUNT SKYDANCE CORPORATION,**
*Intervenor/Respondent.*

# PETITION FOR REVIEW

Pursuant to Section 402(b)(1) of the Communications Act of 1934, as amended, 47 U.S.C. § 402(b)(1), and 28 U.S.C. § 2342(1), Petitioner Austin Olachea hereby petitions this Court for review of the following order of the Federal Communications Commission:

***Order on Foreign Ownership Petition, DA 26-1001***
*Released September 17, 2026*
*MB Docket No. 26-93*

**JURISDICTION**

This Court has jurisdiction under 47 U.S.C. § 402(b)(1), which grants the D.C. Circuit exclusive jurisdiction to *review FCC orders relating to applications for licenses or other authorizations. DA 26-1001 granted Paramount* Skydance Corporation's petition for declaratory ruling under Section 310(b)(4) of the Communications Act, 47 U.S.C. § 310(b)(4), authorizing foreign ownership of FCC broadcast licensees in excess of the statutory 25% threshold.

Petitioner participated in the underlying FCC proceeding by filing an Informal Objection on June 14, 2026 (refiled in MB Docket No. 26-93 on June 15, 2026), a Supplemental Comment on June 15, 2026, a Second Supplemental Comment on or about July 24, 2026, and a Petition for Reconsideration of DA 26-1001 on September 21, 2026 (*FCC Confirmation No. 20260921022997672). Petitioner has thereby exhausted available administrative remedies* and is a party aggrieved by DA 26-1001 within the meaning of 47 U.S.C. § 402(b).

This petition is timely filed within thirty (30) days of September 17, 2026, the release date of DA 26-1001, as required by 47 U.S.C. § 402(c).

**STANDING**

Petitioner is a United States citizen residing in the San Francisco Bay Area and a member of the LGBTQ+ community. Petitioner regularly consumes broadcast programming distributed by Paramount-owned licensees, including CBS affiliates. DA 26-1001 approved foreign ownership of those licensees by investors connected to the governments of Saudi Arabia, Qatar, and the United Arab Emirates — nations that criminalize homosexuality under

penalty of imprisonment or death. Petitioner has a concrete, particularized interest in ensuring that the broadcast networks serving the American public are not subject to the influence of governments that regard his identity as a criminal offense. This interest is directly and adversely affected by DA 26-1001.

Petitioner also has a cognizable interest as a citizen and broadcast consumer in the Commission's faithful execution of its statutory obligations, including its obligation to ensure that foreign ownership of broadcast licensees is consistent with the public interest and that its proceedings are conducted by neutral, unbiased decision-makers free from disqualifying conflicts of interest.

**QUESTIONS PRESENTED**

1. Whether DA 26-1001 was issued in violation of due process where the record contains unrebutted evidence that Chairman Carr accepted more than $63,000 in gifts from Paramount Skydance Corporation while Paramount's foreign ownership petition was pending before the Commission, creating a disqualifying conflict of interest, and where the decision was routed to the Media Bureau rather than the full Commission in a manner that circumvented the required recusal process.

2. Whether DA 26-1001 exceeded the Commission's statutory and regulatory authority by granting advance approval for foreign ownership up to 100% of Paramount's broadcast licensees, where the Commission's own rules limit advance approval for non-controlling investors to 49.99% without individualized review, and where Section 310(b)(4) does not authorize blanket advance approval at any ownership level.

3. Whether DA 26-1001 is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), where the Commission failed to address significant comments in the record, including arguments regarding the Chairman's conflict of interest, the LGBTQ+ public interest harm from investors connected to governments that criminalize homosexuality, challenges to the Commission's statutory authority from members of the United States Senate, and arguments regarding the inconsistent treatment of Gulf state investors compared to the Commission's national security analysis in the TikTok context.

4. Whether the Commission's finding that non-voting share structures eliminate the risk of foreign influence over broadcast editorial decisions is supported by substantial evidence, where the record does not address the informal influence mechanisms — including economic leverage, contractual rights, and information rights — that large state-connected investors exercise independently of formal voting rights.

**RELIEF REQUESTED**

Petitioner respectfully requests that this Court:

(1) Grant this Petition for Review;

(2) Hold unlawful and set aside DA 26-1001 as contrary to the Communications Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment;

(3) Stay DA 26-1001 pending the Court's review;

(4) Remand to the Commission for proceedings consistent with this Court's opinion; and

(5) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Austin Olachea
*Pro Se Petitioner*
aolachea@asu.edu

## CERTIFICATE OF SERVICE

I, Austin Olachea, hereby certify that on October 2, 2026, a copy of the foregoing Petition for Review was served upon the following counsel of record for Respondent-Intervenor Paramount Skydance Corporation by electronic mail:

**Elizabeth R. Park**

Latham & Watkins LLP

*Counsel of Record, MB Docket No. 26-93*

**Matthew A. Brill**

Latham & Watkins LLP

*Counsel of Record, MB Docket No. 26-93*

A copy was also served on the Federal Communications Commission via its Office of General Counsel by electronic mail at ogc@fcc.gov on October 2, 2026.

The original Petition for Review was filed with the Court by mail on October 2, 2026, addressed to: Clerk of Court, United States Court of Appeals for the District of Columbia Circuit, 333 Constitution Avenue NW, Washington, DC 20001.

**Austin Olachea**

October 2, 2026